**UNITED STATES, Plaintiff,**

v.

**E.C. McAFEE CO., Old Republic Insurance Co., Defendants.**

**E.C. McAFEE CO., Third–Party Plaintiff,**

v.

**ONTARIO LTD. d/b/a Canflow Services,**

**Washington International Insurance Co., Third–Party Defendants.**

Slip Op. No. 95–166.
Court No. 94–07–00440.

United States Court of International Trade.

Oct. 2, 1995.

Frank W. Hunger, Assistant Attorney General, Washington, DC, Joseph I. Liebman, New York City, Attorney in Charge, International Trade Field Office, Commercial Litigation Branch, Civil Division, United States Department of Justice (Saul Davis, New York City, Senior Trial Counsel), for plaintiff.

Edmund Maciorowski, P.C. (Edmund Maciorowski), Bloomfield Hills, MI, for defendant/third-party plaintiff E.C. McAfee Co.

D'Agostini, Sable and Ruggeri, P.C. (Richard J. Sable and Victor J. Torres), Sterling Heights, MI, for third-party defendant Ontario Limited d/b/a Canflow Services.

Hodes & Pilon (Wayne Jarvis), Chicago, IL, for defendant Old Republic Insurance Co.

Sandler, Travis & Rosenberg, P.A. (Gilbert Lee Sandler, Arthur K. Purcell, Kenneth N. Wolf and Edward Joffe), Miami, FL, for third-party defendant Washington International Insurance Co.

### OPINION

TSOUCALAS, Judge:

Third-party defendant, Washington International Insurance Co. ("Washington"), brings a motion to dismiss the third-party complaint of E.C. McAfee Co. ("McAfee") alleging that pursuant to Rule 12(b)(5) of the Rules of this Court, the complaint fails to state a claim upon which relief can be grant-ed. McAfee seeks to remove to this Court Action 94–426584 CK, entitled, *Washington Int'l Ins. Co. v. E.C. McAfee Co.*, filed in the Third Judicial Circuit for the County of Wayne, State of Michigan. All parties stipulated at oral argument on September 28, 1995, that the action against defendant Old Republic Insurance Co. ("Old Republic") should be dismissed.

### Background

Plaintiff commenced this action to recover assessed increased duties on twenty-four entries of "mixed solvents" entered through Port Huron, Michigan, between November 20, 1984 and December 12, 1984. *Third Party Defendant Washington International Insurance Company's Motion to Dismiss and Memorandum of Law in Support Thereof* ("Washington's Brief") at 2. McAfee subsequently filed a third-party complaint against the surety, Washington, for the entries in question.

### Discussion

1. *Dismissal of third-party complaint*

Washington states that it wrote a $30,000 term bond, as surety, securing McAfee's entries through Port Huron, Michigan, during the period of December 15, 1983 to December 14, 1984. *Washington's Brief* at 2–3. Washington maintains that after McAfee defaulted on its debt, Washington tendered the sum of $30,000 to the United States Customs Service, representing its maximum bond exposure for increased duty assessments for entries made between December 15, 1983 and December 14, 1984, through Port Huron, Michigan. According to Washington, whatever liability it had for the entries in question has now been discharged. *Id.* at 3. Washington emphasizes that the bond created payment obligations in the surety which run in favor of the United States, not the defaulting importer, McAfee. *Id.* at 5.

In oral argument held on September 28, 1995, McAfee argued that Washington is a necessary party to this suit because of alleged bad faith on the part of Washington. McAfee also argued that in its claim against Ontario Ltd. d/b/a Canflow Services ("Can-

flow") for indemnity, Canflow may move to dismiss on the basis of McAfee's failure to implead Washington as a necessary party.

■ The Court finds McAfee's arguments unpersuasive. Washington, as a surety, owed an obligation to the United States government, not McAfee. 19 C.F.R. § 141.1(b) (1995) provides:

> The liability for duties, both regular and additional, attaching on importation, constitutes a personal debt due from the importer to the United States which can be discharged only by payment in full of all duties legally accruing, unless relieved by law or regulation.... *Delivery of a Customs bond with an entry is solely to protect the revenue of the United States and does not relieve the importer of liabilities incurred from the importation of merchandise into the United States.*

(Emphasis added). This regulation clearly states that the delivery of a bond protects the United States as opposed to the importer. McAfee does not contest the fact that Washington paid its obligations on the bond. As such, Washington fulfilled its obligations to the government and should not be a third-party defendant in this action.

### 2. *Removal*

■ McAfee as defendant in the Action 94–426584 CK, entitled *Washington Int'l Ins. Co. v. E.C. McAfee,* filed a Notice of Removal with this Court on October 21, 1994. McAfee argues that this Court has jurisdiction because Washington's action against McAfee arises from the same series of transactions as the case at bar. *Notice of Removal* at 2.

In light of the Court's decision to dismiss the third-party complaint against Washington, any claims by Washington against McAfee for indemnification are not properly before this Court since there is no basis of jurisdiction. Washington's claims against McAfee are based on contract theories of indemnity that should be decided in state court. This Court also notes that the statute cited by McAfee, 28 U.S.C. § 1441(a) (1988), governs removal to District Court, not removal to the United States Court of International Trade. Thus, this Court rejects McAfee's Notice of Removal.

### 3. *Dismissal of claim against Old Republic*

Finally, at oral argument on September 28, 1995, all parties stipulated that the claim against Old Republic should be dismissed. Thus, this Court dismisses the claim against Old Republic.

### Conclusion

In accordance with the foregoing opinion, this Court, after due deliberation and a review of all papers and oral argument in this action, finds that the third-party complaint against Washington should be dismissed. This Court also finds that removal of *Washington Int'l Ins. Co. v. E.C. McAfee Co.,* Court Action 94–426584 CK, is improper. Finally, this Court finds that the complaint against Old Republic should be dismissed. The complaints against Washington and Old Republic are hereby dismissed. McAfee's motion for removal is hereby denied.

### *ORDER*

After review of all the documents, oral arguments and proceedings regarding third-party defendant Washington International Insurance Company's motion to dismiss with prejudice the Third–Party Complaint of defendant/third-party plaintiff E.C. McAfee Company against Washington International Insurance Company, and after due deliberation, it is hereby

**ORDERED** that Washington International Insurance Company's motion to dismiss is granted; and it is further

**ORDERED** that the Third–Party Complaint of Defendant/Third–Party Plaintiff E.C. McAfee Company against Washington International Insurance Company is dismissed with prejudice; and it is further

**ORDERED** that Defendant/Third–Party Plaintiff E.C. McAfee's motion to remove to

this Court Action 94–426584 CK, entitled *Washington Int'l Ins. Co. v. E.C. McAfee,* filed in the Third Judicial Circuit for the County of Wayne, State of Michigan, is denied; and it is further

**ORDERED** that the action against Old Republic Insurance Company is dismissed.